IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRACY GATSON, INDIVIDUALLY § | |
| AND AS NEXT FRIEND OF MINOR § | |
| B. G. AND APRIL GATSON § | |
| INDIVIDUALLY AND AS NEXT § | |
| FRIEND OF MINOR C. G. § | |
| § | |
| VS. § | CIVIL ACTION NO.2:15-cv-00630 |
| § | |
| RENEE LOUISE MCCOY AND § | |
| QUAD/GRAPHICS, INC. § | |

**PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, Plaintiffs, TRACY GATSON, INDIVIDUALLY AND AS NEXT FRIEND OF MINOR B. G. AND APRIL GATSON INDIVIDUALLY AS NEXT FRIEND OF MINOR C. G., complaining of Defendants, RENEE LOUISE MCCOY AND QUAD/GRAPHICS, INC. and for cause of action would show the Court the following:

I.

**Venue and Jurisdiction**

1. Plaintiffs are residents of Nacogdoches, Nacogdoches County, Texas.

2. Defendant, RENEE LOUISE MCCOY is a resident of Lexington, OK and can be served at her address, 29037 Trousdale Rd. Lexington, OK 73051;

3. Defendant, QUAD/GRAPHICS, INC. Is a Wisconsin corporation with is principal place of business located at N63 W23075 Highway 74 Sussex, Wisconsin, and is licensed to do business in Texas. This Defendant can be served with citation as follows: CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-4234;

4.	This Court has jurisdiction over this matter pursuant to 28 U. S.C. §1332(a)(1) because of the following:

a.	Plaintiffs are residents of the State of Texas;

b.	Defendant, QUAD/GRAPHICS, INC. Is a Wisconsin corporation licensed to do business in Texas and can be served with citation as follows: CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-4234;

c.	Defendant, RENEE LOUISE MCCOY is a resident of Lexington, Oklahoma, and can be served at her address, 29037 Trousdale Road, Lexington, OK 73051.

d.	The amount in controversy exceeds $75,000.00.

e.	The incident made the basis of this suit occurred in the Eastern District of Texas;

f.	At all times material to this incident, Defendants were and continue to conduct business in the Eastern District of Texas, including the Marshall Division.

II.

**Facts**

5.	On or about May 11, 2013, in Angelina County, Texas, Plaintiff TRACY GATSON was driving her 2001 Mitsubishi vehicle and as she exited a private drive, the Defendant RENEE LOUISE MCCOY who was driving a 2013 red Dodge Avenger vehicle exited private property turning south and collided into the Plaintiff's vehicle. As a result of this collision, Plaintiff, TRACY GATSON sustained injuries and damages to her neck and back; minor Plaintiff, B. G., who was a passenger in TRACY GATSON'S vehicle sustained general bodily bruising and contusions; and, minor plaintiff, C. G. sustained injuries to the neck, back and right arm.

III.

**Causes of Action**

6.  At the time and on the occasion above-described, the Defendant RENEE LOUISE MCCOY was guilty of the following acts of negligence which resulted in this incident and Plaintiff's injuries and damages, such as but not limited to:

   a. In failing to yield right of way;

   b. In failing to properly apply her brakes in order to avoid the collision;

   c. In failing to maintain an assured clear distance between her vehicle and Plaintiff's vehicle;

   d. In failing to keep a proper lookout;

   e. In attempting to turn left when it could not be done with safety.

   TRC section 545.152 " To turn left at an intersection or into an alley or private road or driveway, an operator shall yield the right of way to a vehicle that is approaching from the opposite direction and that is in the intersection or in such proximity to the intersection as to be an immediate hazard.

   f. Failure to safely and reasonably control her vehicle.

   g. In driving in a reckless manner.

   TRC 545.401 RECKLESS DRIVING; OFFENSE.(a)  A person commits an offense if the person drives a vehicle  in willful or wanton disregard for the safety of persons or property.

7.  Each of the above described acts of negligence was a proximate cause of the occurrence in question and resulting injuries and damages to the Plaintiffs.

IV.

Dam**ages**

8. As a result of the above described negligence and negligence per se, the Plaintiff, TRACY GATSON has been injured in the following respects:

    a. Past physical pain, suffering, and mental anguish;

    b. Physical pain, suffering, and mental anguish that the Plaintiff will, in all reasonable medical probability, suffer in the future;

    c. Hospital, medical, doctor, ambulance and pharmaceutical bills incurred in the past;

    d. Hospital, doctor, medical, and pharmaceutical bills which the Plaintiff will, in all reasonable medical probability, incur in the future;

    e. Physical impairment to the person of the Plaintiff that has been incurred in the past;

    f. Physical impairment to the person of the Plaintiff which, in all reasonable medical probability, she will suffer in the future;

    g. Loss of earnings in the past;

    h. Loss of earning capacity in the future;

    i. Physical disfigurement that said Plaintiff has suffered in the past;

    j. Physical disfigurement that Plaintiff will, in all reasonable medical probability, suffer in the future.

9. As a result of the above described negligence and negligence per se, the minor Plaintiffs, B. G. And C. G. have been injured in the following respects:

    a. Past physical pain, suffering, and mental anguish;

    b. Physical pain, suffering, and mental anguish that the Plaintiff will, in all reasonable medical probability, suffer in the future;

    c. Hospital, medical, doctor, ambulance and pharmaceutical bills incurred in the past;

    d.      Hospital, doctor, medical, and pharmaceutical bills which the Plaintiff will, in all reasonable medical probability, incur in the future;

    e.      Physical impairment to the person of the Plaintiff that has been incurred in the past;

    f.      Physical impairment to the person of the Plaintiff which, in all reasonable medical probability, she will suffer in the future;

V.

## DOCTRINE OF RESPONDEAT SUPERIOR

10. At the time of the collision in question RENEE LOUISE MCCOY was an agent, servant and employee of QUAD/GRAPHICS, INC. and she was in the course and scope of her employment and engaged in the service of QUAD/GRAPHICS, INC. and in the furtherance of such business at the time she collided into the Plaintiffs on the date in question. Specifically, the Plaintiff will show that QUAD/GRAPHICS, INC. had the right to control all of the activities of RENEE LOUISE MCCOY at all times material hereto and that these activities included driving the truck and trailer involved in the collision in question. Accordingly, RENEE LOUISE MCCOY was in the course and scope of her employment with QUAD/GRAPHICS, INC. at the time of the collision in question, and therefore, QUAD/GRAPHICS, INC. is responsible for all of Plaintiff's damages under the doctrine of respondeat superior.

VI.

**Interest**

11. The Plaintiff hereby seeks all Pre-Judgment and Post-Judgment Interest in the maximum amounts as allowed by law on each separate and individual element of damage.

VII.

**Plaintiffs' Life Expectancy**

12. According to the United States Life Tables, 2008 National Vital Statistics Reports; Vol. 61, No. 3, Plaintiff, TRACY GATSON, has a life expectancy of 45.0.; Minor Plaintiff, B. G. Has a life expectancy of 67.7 years; and, minor Plaintiff, C. G. has a life expectancy of 65.7 years. Plaintiffs intend to use a certified copy of the United States Life Tables, 2008 National Vital Statistics Reports; Vol. 61 No. 3, and offer same into evidence at the time of trial.

VIII.

**Request for Jury Trial**

13. Plaintiffs hereby requests a trial by jury.

IX.

**Prayer**

14. WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that upon a final hearing they have judgment against the Defendants, RENEE LOUISE MCCOY AND QUAD/GRAPHICS, INC, jointly and severally, for the injuries and damages they sustained in excess of $75,000.00; for pre-judgment interest; for all costs of suit, and for such other and further relief, general and special, legal and equitable, to which they may be entitled to receive.

Respectfully submitted,

BADDERS LAW FIRM, PC
4002 North Street
Nacogdoches, Texas 75965
(936) 564-6181 (Telephone)
(936) 564-8095 (Facsimile)

/s/ Jeff B. Badders
_____
Jeff B. Badders
Bar I. D. No. 01496850
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 22nd day of February 2016, with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).

/s/ Jeff B. Badders
_____
Jeff B. Badders